| UNITED STATES BANKRUPTCY COURT | RETURN DATE: 10/3/2023 |
| EASTERN DISTRICT OF NEW YORK | TIME: 10:30 a.m |

-----------------------------------------------------------X

In re:

VICTORIA STENNETT,  CASE NO: 23-42675-ESS
                   CHAPTER 13

        Debtor.

-----------------------------------------------------------X

## NOTICE HEARING ON: (A) MODIFYING AND TERMINATING AUTOMATIC STAY AND (B) FOR IN REM RELIEF

**PLEASE TAKE NOTICE** that a hearing before the Honorable Elizabeth S. Stong, United States Bankruptcy Judge, United States Bankruptcy Court for the Eastern District of New York, 271-C Cadman Plaza East, Brooklyn, New York 11201-1800 shall be held on October 3, 2023 at 10:30 am. on the motion filed by Retained Realty, Inc. seeking for an Order: A) pursuant to 11 U.S.C. 362(d)(1) providing that the automatic stay imposed by 11 U.S.C. Section 362(a) be modified and terminated to permit Applicant, its successors, agents, or assigns, to pursue their rights under the Note and Mortgage, as more particularly described in the Application, and under applicable law, including, without limitation, the consummation of foreclosure proceedings with respect to the real properties located at 109 Amersfort Place, Brooklyn, New York (the "Amersfort Property") and 2408 Clarendon Road, Brooklyn, New York (the "Clarendon Property" and collectively with the Amersfort Property, the "Properties"); (B) pursuant to Federal Rule of Bankruptcy Procedure 4001(1)(3) that the fourteen-day stay of the requested order be waived; (C) pursuant to 11 U.S.C. Section 362(d)(4)(B) declaring that any filing under Title 11 of the United States Code which affects the Property within a period of two years, measured from the entry date of an order granting the relief sought herein, shall not operate as a stay against Applicant's right to pursue its interests under the note and mortgage, including, but not limited to, consummating a foreclosure sale of the Property; and (D) for such other and further relief as this Court deems just

and proper (the "Motion"). Copy of the proposed order is annexed hereto.

**PLEASE TAKE FURTHER NOTICE**, that objections, if any, to the relief herein requested shall be in writing, shall state with particularity the grounds for the objection, shall be filed with the Clerk of the Bankruptcy Court and served upon, the undersigned counsel for the Applicant by 5:00 p.m. seven days prior to the return date and upon any other person whose interests would be affected if the objection is sustained.

**PLEASE TAKE FURTHER NOTICE**, all hearings will be conducted telephonically or by video at the court deems appropriate. Those intending to appear at the hearing must register with eCourt Appearances at least two days prior to the hearing. The phone number or video link for the hearing will be emailed to those that register with eCourt Appearances in advance of the hearing. If you have a CM/ECF account, you may access eCourt Appearances in the "Utilities" menu after logging into CM/ECF. If you do not have a CM/ECF account, you may access eCourt Appearances on the Court's website at https://ecf.nyeb.uscourts.gov/cgi-bin/nyebAppearances.pl.

Dated: Garden City, New York
       September 5, 2023

                              **TERENZI & CONFUSIONE, P.C.**
                              Attorneys for Retained Realty, Inc.

                              By:   *\s\ Cara M. Goldstein*
                                    Cara M. Goldstein, Esq. (CMG 3517)
                                    401 Franklin Avenue, Suite 304
                                    Garden City, New York 11530
                                    (516) 812-0800
                                    cgoldstein@tcpclaw.com

TO:     Victoria Stennett
Pro se Chapter 13 Debtor
1454 Flatbush Avenue
Brooklyn, New York 11210

Krista M. Preuss, Esq.
Chapter 13 Trustee
100 Jericho Quadrangle, Ste. 127
Jericho, New York 11753

Office of the United States Trustee
Eastern District of NY (Brooklyn Office)
Alexander Hamilton Custom House
One Bowling Greet, Room 510
New York, New York 10004-1408

Michael J. Chatwin, Esq.
Robert W. Griswold, Esq.
Shari S. Barak, Esq.
LOGS Legal Group LLP
175 Mile Crossing Boulevard
Rochester, New York 14624

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
In re:

VICTORIA STENNETT,　　　　　　　　　　CASE NO: 23-42675-ESS
　　　　　　　　　　　　　　　　　　　　　CHAPTER 13

　　　　　　　　Debtor.
----------------------------------------------------------X

**APPLICATION OF RETAINED REALTY, INC.
IN SUPPORT OF (A) AN ORDER MODIFYING AND
TERMINATING THE AUTOMATIC STAY AND (B) FOR IN REM RELIEF**

**TO:　THE HONORABLE JIL MAZER- MARINO
　　　UNITED STATES BANKRUPTCY JUDGE**

　　　　　The Application of Retained Realty, Inc. ("Retained" or "Applicant") by its attorneys, Terenzi & Confusione, P.C., respectfully represents and says:

**I.　RELIEF REQUESTED**

　　　　　1.　This is a contested matter brought pursuant to Federal Rules of Bankruptcy Procedure Rules 4001, 9013 and 9014 and Sections 362(d) and 554(b) of Title 11 of the United States Code (the "Bankruptcy Code") for an Order: (A) pursuant to 11 U.S.C. 362(d)(1) and (2), providing that the automatic stay imposed by 11 U.S.C. Section 362(a) be modified and terminated to permit Applicant, its successors, agents, or assigns, to pursue their rights under the note and mortgage, as more particularly described in the Application, and under applicable law, including, without limitation, the consummation of foreclosure proceedings with respect to the real properties located at 109 Amersfort Place, Brooklyn, New York (the "Amersfort Property") and 2408 Clarendon Road, Brooklyn, New York (the "Clarendon Property" and collectively with the Amersfort Property, the "Properties"); (B) pursuant to Federal Rule of Bankruptcy Procedure 4001(1)(3) that the fourteen-day stay of the requested order be waived; (C) pursuant to 11 U.S.C.

Section 362(d)(4)(B) declaring that any filing under Title 11 of the United States Code which affects the Properties within a period of two years, measured from the entry date of an order granting the relief sought herein, shall not operate as a stay against Applicant's right to pursue its interests under the note and mortgage including, but not limited to, consummating a foreclosure sale of the Properties; (D) declaring the debtor in breach of the Stipulation dated February 27, 2023 entered in the related case of Kensington Reality Group Corp, Case No. 22-42817-ESS as docket no. 50 (the "Stipulation"), which was so-ordered by the Order of Dismissal dated April 20, 2023 as docket no. 57, and declaring Retained released from its obligations under the Stipulation; and (E) for such other and further relief as this Court deems just and proper.

## II.  BACKGROUND

2. Emigrant Funding Corporation ("Emigrant") is the holder of a Commercial Real Estate Mortgage Note (the "Note") dated July 20, 2006 given by the Kensington Realty Group ("Kensington") in the principal amount of $950,000.00. The Note is secured by a Commercial Mortgage given by Kensington on the Amersfort Property and the Clarendon Property. A copy of the Note and Mortgage is annexed hereto as Exhibit "A".

3. Emigrant is the holder of a Guaranty of Payment (the "Guaranty") dated July 20, 2006 given by Victoria Stennett-Bailey (the "Debtor") wherein she guaranteed Kensington's obligations under the Note. A copy of the Guaranty is annexed hereto as Exhibit "B".

4. Emigrant executed an Assignment of Mortgage dated June 15, 2023 (the "Assignment"), assigning it interest to Retained Realty, Inc. ("Retained"). A copy of the Assignment is annexed hereto as Exhibit "C"

5. Pursuant to the terms of the Note, monthly payments are to be made to Retained. Kensington defaulted on the November 1, 2010 payment due under the Note and on each payment due thereafter. As a result of the Kensington's default, on July 14, 2011, Retained commenced a foreclosure action in the Supreme Court of the State of New York, County of Suffolk under Index No. 15896/2011 (the "State Foreclosure Action") to foreclose upon its Mortgage against the Properties.

6. By Order dated July 31, 2014, the State Court entered an Order Appointing Receiver (the "Receiver Order") in the State Foreclosure Action. The Receiver only manages the Clarendon Property.

7. On June 27, 2022, Retained obtained a Judgment of Foreclosure and Sale (the "Foreclosure Judgment'). A copy of the Foreclosure Judgement is annexed hereto as Exhibit "D". An auction of the Properties was thereafter scheduled for November 10, 2022 (the "First Scheduled Sale").

8. On November 10, 2022, Kensington filed a Chapter 11 Bankruptcy proceeding under case number 22-42817-ESS (the "Kensington Bankruptcy Filing") before the Honorable Elizabeth S. Stong.

9. Kensington is in the business of ownership and management of the two Properties, the Clarendon Property which is a 16-unit residential building and the Amersfort Property which is a two family home that has not been occupied for some 14 years as a result of a fire that occurred in 2008.

10. Retained has a current lien on the Properties pursuant to the Retained Loan in excess of $5,288,022.66.

11. On or about January 12, 2023, Retained moved by motion for the dismissal of Kensington's Chapter 11 bankruptcy proceeding, or in the alternative, relief from the automatic stay (the "Dismissal Motion").

12. In order to resolve the Dismissal Motion, on February 27, 2023, a Stipulation was filed with the Court by and between Retained, Kensington and the Debtor herein pursuant to which Kensington consented to the dismissal of its Chapter 11 bankruptcy proceeding in exchange for certain relief in favor of Stennett, including a cap on any deficiency claim asserted against her. Pursuant to the Stipulation, which was agreed upon and executed by Stennett, the consideration for the benefit derived by Stennett, it was agreed that neither Kensington, nor its principal, Stennett, nor any agent or affiliate of either, shall interfere in any manner or seek any delay of the sale of the Properties in the Foreclosure Action. In addition, the Stipulation specifically provides that the Bankruptcy Court shall retain jurisdiction to hear and determine any matter arising from or relating to the Stipulation. A copy of the Stipulation is annexed hereto as Exhibit "E".

13. The Stipulation was thereafter so ordered pursuant to the Order Dismissing the Case dated April 20, 2023, Document no. 57. A copy of the Dismissal Order is attached hereto as Exhibit "F". Based on the Stipulation and the Order of Dismissal, the Kensington Bankruptcy Filing was dismissed on April 20, 2023.

14. Upon the Dismissal of the Kensington Bankruptcy Filing, a foreclosure sale was scheduled for July 27, 2023 (the "Second State Foreclosure Sale").

15. On July 27, 2023 (the "Instant Filing"), Debtor filed the within petition with the Clerk of this Court under Chapter 13 of the Bankruptcy Code, thereby staying the Second State

Foreclosure Sale in violation of the Stipulation. Michael J. Macco, Esq. is the duly appointed, qualified and acting Trustee in this Chapter 13 case.

16. Despite the Court retaining jurisdiction under the Stipulation, the Debtor failed to list the Kensington bankruptcy as a related case on her Petition or otherwise seek to have her related case before the Honorable Elizabeth S. Stong.

17. As a result, and in order to maintain the continuity with the related Kensington bankruptcy, on August 3, 2023, Retained, by its counsel, filed a letter with the Court (Docket No.: 13) advising this Court of the Debtor's failure to name the related Kensington bankruptcy case and respectfully requesting that the Instant Case be transferred to Judge Stong before there is further litigation in this case. A copy of the letter to the Court is attached hereto as Exhibit "G". Pursuant to an order of the Court dated August 21, 2023, this case was reassigned from Judge Jil Mazer-Marino to Judge Stong (See Order at Docket #16).

### III. THE APPLICATION

#### A. Relief from the Automatic Stay is Warranted

18. Applicant submits that relief from the stay is warranted in this case. Based on the foregoing history, which evidences a clear case of abuse under the Bankruptcy Code and a scheme to delay, hinder and defraud creditors, Applicant seeks the entry of an Order, pursuant to 11 U.S.C. Section 362(d)(1) and (2), providing that the automatic stay imposed by operation of 11 U.S.C. Section 362(a) be modified and terminated to permit Applicant, or its successors, agents or assigns to pursue their rights under the Mortgage and Note, as more particularly described in the Application and under applicable law, including, without limitation, the consummation of

foreclosure proceedings with respect to the Properties.

19. Section 362(d)(1) of the Bankruptcy Code provides in pertinent part that the Court shall grant relief from the stay imposed by Section 362(a) "for cause". Courts have held that lack of good faith in filing a petition may constitute cause to grant relief from the automatic stay. Lack of good faith in filing a bankruptcy petition may constitute cause to lift the stay. *See, e.g.*, In re Lippolis, 228 B.R. 106, 112 (E.D. Pa. 1998). Serial filings and petitions filed solely to forestall creditors in Chapter 13 cases constitute cause to lift the automatic stay under § 362(d)(1). *See, e.g.*, Casse v. Key Bank Nat'l Ass'n (In re Casse), 198 F.3d 327, 332 (2d Cir. 1999) (debtors who filed three bankruptcy petitions without filing a reorganization plan were bad faith serial filers); Sterling v. Merchant (In re Merchant), 256 B.R. 572, 577 (Bankr. W.D. Pa. 2000) (finding successive filings of bankruptcy petitions was done in bad faith); In re Felberman, 196 B.R. 678, 681 (Bankr. S.D.N.Y. 1995) (concluding that filing bankruptcy petition merely to prevent foreclosure, without the ability or the intention to reorganize, is an abuse of the Bankruptcy Code; serial filings are a badge of bad faith).

20. In the instant case, cause exists to vacate the automatic stay based upon the Debtor's bad faith in filing the instant petition. Pursuant to the Stipulation, the Debtor specifically committed to refraining from interfering in any manner, or seeking any delay, with respect to the foreclosure sale of the Properties. Despite such binding commitment, the Debtor filed the instant bankruptcy with the clear intention to hinder and delay Retained's efforts to move forward with the foreclosure sale.

21. Both the Kensington Bankruptcy Filing and the Instant Filing were initiated just prior to a duly scheduled foreclosure sale clearly as a delay tactic. Certainly, based on the

timing of the Instant Filing, this petition was filed in bad faith solely to stay the scheduled foreclosure sales of the Properties and for no other reason.

22. Moreover, Section 362(d)(4)(B) of the Bankruptcy Code provides in pertinent part, that on request of a party in interest and after notice and a hearing, the court shall grant relief from the stay with respect to a stay of an act against real property under subsection (a), by a creditor whose claim is secured by an interest in such real property, if the Court finds that the filing of the petition was part of a scheme to delay, hinder, or defraud creditors that involve multiple bankruptcy filings affecting such real property.

23. Given that Kensington originally filed to stay the foreclosure sale of the Properties and now the Debtor has filed for the same purpose, it is evident that these multiple bankruptcy filings are part of a scheme to hinder and delay Retained from exercising its lawful rights with respect to the Properties.

24. It must be evident to the Court that if there was a real desire to reorganize and deal with the debt at issue here, that effort would have been made in the original filing by Kensington. Accordingly, it is apparent that the Instant Filing, as it relates to these Properties, is nothing more than an attempt to delay and hinder Retained in its pursuit of its lawful rights.

25. Additionally, there is a lack of adequate protection of Retained's interest. This is evident in this case given the fact, as determined in the Kensington Filing, that Retained is widely undersecured by the Properties.

26. Furthermore, relief is warranted under Section 362(d)(2) since there is no equity in the Properties and they are not necessary for an effective reorganization. The lack of equity was established in the Kensington Bankruptcy Case and any real effort toward

reorganization would have been done in the Kensington filing if that was the genuine intent of the Debtor.

27. Accordingly, relief from the automatic stay is warranted in order for Retained to pursue its rights and remedies with respect to the Properties.

**B. Relief From The Automatic Stay Should Be Granted With In Rem Relief**

28. Based on the filing history of the Debtor and Kensington, and given that the Debtor's actions in filing the instant case is a clear violation of the Court Ordered Stipulation, Applicant requests that this Court grant in rem relief with respect to the Properties pursuant to Section 362(d)(4)(B) of the Bankruptcy Code.

29. Section 362(d)(4)(B) provides, in pertinent part, that an order entered under paragraph (4) shall be binding in any other case under this title purporting to affect such real property filed not later than 2 years after the date of the entry of such an order, except that the debtor, in a subsequent case under this title, may move for relief from such order based upon changed circumstances or for other good cause shown.

30. The issue as to whether *in rem* relief may be granted under II U.S.C. §362(d)(4) is whether the Court finds that the filing of the instant case was part of a scheme to delay, hinder and defraud. In Lira v. Wells Fargo Bank NA. (In re Lira), 2015 Bankr. LEXIS 2602, the Court held that in rem relief was appropriate as a result of four separate bankruptcy filings which were filed strategically to stall a foreclosure action. Also, in Procel v. United States Tr. (In re Procel), 467 B.R. 297, the court held that serial filings alone can demonstrate a scheme to hinder, defraud and delay creditor.

31. As discussed above, the within petition is the most recent tactic by the

8

Debtor and Kensington to forestall Retained from pursuing its rights under the Note and Mortgage without any real desire or intent to fulfill their obligations as a debtor under the Bankruptcy Code.

32. Moreover, Retained has now attempted to foreclose on the Properties on two separate occasions but has been stayed each time by the Debtor or Kensington's efforts to stay Retained's duly scheduled foreclosure sales.

33. As stated above, pursuant to the Stipulation, the Debtor specifically committed to refrain from interfering in any manner, or seeking any delay, with respect to the foreclosure sale of the Properties in return for which she was provided a cap on the amount of deficiency claim that Retained could assert against her. Despite agreeing to be bound by the terms of the Stipulation, the Debtor willfully and voluntarily filed the instant bankruptcy with the clear intention to hinder and delay Retained's efforts to move forward with the foreclosure sale.

34. Notably, the Debtor's failure to list the Kensington bankruptcy as a related case on her Petition or otherwise seek to have her related case before the Honorable Elizabeth S. Stong who is familiar with the background of this case and the terms of the Stipulation, can only be viewed as a further attempt to hinder and delay Retained's efforts with respect to the foreclosure. As a result, in rem relief is warranted in the instant case.

35. In addition, if Applicant is not granted the relief requested herein, the Debtor or some other person or entity holding a "possessory interest" in the Properties will continue to file petitions with this court thereby accomplishing their ultimate goal of delay, to the unfair detriment and prejudice to Retained.

36. Accordingly, it is therefore respectfully requested that the Court enter an order pursuant to 11 U.S.C. Section 362(d)(4)(B) declaring that any subsequent filing under Title

11 of the United States Code which affects the Property within a period of two years, measured from the entry date of an order granting the relief sought herein, shall not operate as a stay against Applicant's right to pursue its interests under the Note and Mortgage, including but not limited to, consummating a foreclosure sale of the Property.

37. Annexed hereto as Exhibit "H" is the Relief from Stay Worksheet, in accordance with General Order 533, dated July 18, 2008, of the United States Bankruptcy Court for the Eastern District of New York.

38. Due to Applicant's ongoing economic harm, Applicant respectfully requests that, if the relief from the automatic stay is granted, the fourteen-day stay of the instant order pursuant to Federal Rule of Bankruptcy Procedure 4001(a) (3) be waived.

39. There being no novel issue of law raised herein, Applicant respectfully requests that the requirement for a separate memorandum of law pursuant to E.D.N.Y. LBR 9013-1(b) be dispensed with.

40. Except as set forth above, no prior application for the relief sought herein has been made.

## IV. **BREACH OF THE STIPULATION**

41. Stennett is in clear breach of the Stipulation having filed this action to stay the foreclosure sale. The Stipulation provides explicitly that "Victoria Stennett, nor any agent or affiliate of either, shall interfere or attempt to delay Retained's possession of the Properties." The consideration for this pledge by Stennett was Retained's agreeing to cap any deficiency judgment. Given that Stennett has breached the Stipulation, Retained should be released from its obligation to cap any deficiency against Stennett as guarantor.

## V. CONCLUSION

42. Relief from the stay and in rem relief are warranted under Section 362(d). Accordingly, the automatic stay must be modified to permit Applicant to assert its rights in the Properties, including, but not limited to, the consummation of a foreclosure sale. In addition, in rem relief must be granted to prevent future bankruptcy filings from hindering and delaying Retained's efforts to enforce its rights with respect to the Properties. Additionally, the Court should declare that Retained is relieved of its obligation to cap any deficiency judgment as provided in the Stipulation.

**WHEREFORE,** it is respectfully requested that the Court enter an Order: (A) pursuant to 11 U.S.C. 362(d)(1), providing that the automatic stay imposed by 11 U.S.C. Section 362(a) be modified and terminated to permit Applicant, its successors, agents, or assigns, to pursue their rights under the note and mortgage, as more particularly described in the Application, and under applicable law, including, without limitation, the consummation of foreclosure proceedings with respect to the Properties; (B) pursuant to Federal Rule of Bankruptcy Procedure 4001(1)(3) that the fourteen-day stay of the requested order be waived; (C) pursuant to 11 U.S.C. Section 362(d)(4)(B) declaring that any filing under Title 11 of the United States Code which affects the Properties within a period of two years, measured from the entry date of an order granting the relief sought herein, shall not operate as a stay against Applicant's right to pursue its interests under the note and mortgage including, but not limited to, consummating a foreclosure sale of the Properties; (D) the Court should declare that Retained is relieved of its obligation to cap any

deficiency judgment as provided in the Stipulation and (E) for such other and further relief as this

Court deems just and proper.

Dated: Garden City, New York
September 5, 2023

**TERENZI & CONFUSIONE, P.C.**
Attorneys for Retained Realty, Inc.

By: *\s\ Cara M. Goldstein*
Cara M. Goldstein, Esq. (CMG 3517)
401 Franklin Avenue, Suite 304
Garden City, New York 11530
(516) 812-0800
cgoldstein@tcpclaw.com