Exhibit B

## GUARANTY OF PAYMENT

GUARANTY OF PAYMENT dated as of the 20th day of July, 2006, made by **Victoria Stennett-Bailey**, having an address at 1454 Flatbush Avenue, Brooklyn, New York 11210 (hereinafter referred to as the "undersigned"), for the benefit of **EMIGRANT FUNDING CORPORATION**, a New York corporation having offices at 6 East 43rd Street, New York, NY 10017 (hereinafter referred to as "Lender").

WITNESSETH:

WHEREAS, **Kensington Realty Group Corp.** (hereinafter referred to as "Borrower"), has applied to Lender for a loan in the principal sum of **Nine Hundred Fifty Thousand and 00/100 ($950,000.00)** Dollars (hereinafter referred to as the "Loan"), which loan will be evidenced by the Note (described in Exhibit A hereto) and secured by the Mortgage (described in Exhibit A hereto);

WHEREAS, Lender is willing to make the Loan to Borrower only if the undersigned execute and deliver this Guaranty and guarantee payment to Lender of the Debt (as herein defined) in the manner hereinafter provided;

NOW, THEREFORE, in consideration of the premises and other good and valuable consideration, the receipt of which is hereby acknowledged, and in order to induce Lender to make the Loan to Borrower, the undersigned hereby covenant and agree with Lender as follows:

1. The undersigned hereby guarantee, absolutely and unconditionally, to Lender the payment of the Debt. The term "Debt" as used in this Guaranty shall mean all principal, interest, additional interest and other sums of any nature whatsoever which may or shall become due and payable pursuant to the provisions of the Note or the Mortgage.

2. The undersigned agree that, with or without notice or demand, the undersigned will reimburse Lender for all costs and expenses (including, without limitation, reasonable attorney's fees) incurred by Lender in connection with the collection of the Debt or any portion thereof or in any action or proceeding brought by Lender to enforce the obligations of the undersigned under this Guaranty.

3. All moneys available to Lender for application in payment or reduction of the Debt may be applied by Lender in such manner and in such amounts and at such time or times and in such order, priority and proportions as Lender may to the payment or reduction of such portion of the Debt as Lender may elect.

4. The undersigned hereby consent that from time to time, before or after any default by Borrower, with or without further notice to or assent from the undersigned, any security at any time held by or available to Lender for any obligation of Borrower, or any security at any time held by or available to Lender for any obligation of any other person or party secondarily or otherwise liable for all or any portion of the Debt, may be exchanged, surrendered or released and any obligation of Borrower, or of

Wednesday, July 19, 2006  3:39pm
KL3:121864.1

any such other person or party, may be changed, altered, renewed, extended, continued, surrendered, compromised, waived or released in whole or in part, or any default with respect thereto waived, and Lender may fail to set off and may release, in whole or in part, any balance of any deposit account or credit on its books in favor of Borrower, or of any such other person or party, and may extend further credit in any manner whatsoever to Borrower, and generally deal with Borrower or any such security or other person or party as Lender may see fit; and the undersigned shall remain bound under this Guaranty notwithstanding any such exchange, surrender, release, change, alteration, renewal, extension, continuance, compromise, waiver, inaction, extension of further credit or other dealing.

     5.    The undersigned hereby waive (a) notice of acceptance of this Guaranty and of the making of the Loan or any advance thereof by Lender to Borrower; (b) presentment and demand for payment of the Debt or any portion thereof; (c) protest and notice of dishonor or default to the undersigned or to any other person or party with respect to the Debt or any portion thereof; (d) all other notices to which the undersigned might otherwise be entitled; and (e) any demand for payment under this Guaranty.

     6.    This is a Guaranty of payment and not of collection and the undersigned further waives any right to require that any action be brought against Borrower or any other person or party or to require that resort be had to any security or to any balance of any deposit account or credit on the books of Lender in favor of Borrower or any other person or party.

     7.    Each reference herein to Lender shall be deemed to include its successors and assigns, in whose favor the provisions of this Guaranty shall also inure. Each reference herein to the undersigned shall be deemed to include the heirs, executors, administrators, legal representatives, successors and assigns of the undersigned, all of whom shall be bound by the provisions of this Guaranty, provided, however, that the undersigned shall in no event or under any circumstance have the right without obtaining the prior written consent of Lender to assign or transfer the obligations and liabilities of the undersigned under this Guaranty, in whole or in part, to any other person, party or entity.

     8.    The term **"undersigned"** as used herein shall, if this Guaranty is signed by more than one party, mean the **"undersigned and each of them"** and each undertaking herein contained shall be their joint and several undertaking, provided, however, that in the next succeeding paragraph hereof the term **"undersigned"** shall mean the **"undersigned or any of them"**. If any party hereto shall be a partnership, the agreements and obligations on the part of the undersigned herein contained shall remain in force and application notwithstanding any changes in the individuals composing the partnership and the term **"undersigned"** shall include any altered or successive partnerships but the predecessor partnerships and their partners shall not thereby be released from any obligations or liability hereunder.

     9.    No delay on the part of Lender in exercising any right or remedy under this Guaranty or failure to exercise the same shall operate as a waiver in whole or in part of any such right or remedy. No notice to or demand on the undersigned shall be deemed to be a waiver of the obligation of the undersigned or of the right of Lender to take further action without notice or demand as provided in this Guaranty.

Wednesday, July 19, 2006   3:39pm
KL3:121864.1

10. This Guaranty may be modified, amended, changed or terminated only by an agreement in writing signed by Lender and the undersigned. No waiver of any term, covenant or provision of this Guaranty shall be effective unless given in writing by Lender and if so given by Lender shall be effective only in the specific instance in which given.

11. The undersigned acknowledge that this Guaranty and the obligations of the undersigned under this Guaranty are and shall at all times continue to be absolute and unconditional in all respects, and shall at all times be valid and enforceable irrespective of any other agreements or circumstances of any nature whatsoever which might otherwise constitute a defense to this Guaranty and the obligations of the undersigned under this Guaranty or the obligations of any other person or party (including, without limitation, Borrower) relating to this Guaranty or otherwise with respect to the Loan. This Guaranty sets forth the entire agreement and understanding of Lender and the undersigned, and the undersigned absolutely, unconditionally and irrevocably waives any and all right to assert any defense, setoff, counterclaim or crossclaim of any nature whatsoever with respect to this Guaranty or the obligations of the undersigned under this Guaranty or the obligations of any other person or party (including, without limitation, Borrower) relating to this Guaranty or otherwise with respect to the Loan, or in any action or proceeding brought by Lender to collect the Debt, or any portion thereof, or to enforce the obligations of the undersigned under this Guaranty. The undersigned acknowledges that no oral or other agreements, understandings, representations or warranties exist with respect to this Guaranty or with respect to the obligations of the undersigned under this Guaranty, except those specifically set forth in this Guaranty.

12. The undersigned hereby irrevocably and unconditionally waives, and Lender by its acceptance of this Guaranty irrevocably and unconditionally waives, any and all right to trial by jury in any action, suit or counterclaim arising in connection with, out of or otherwise relating to this Guaranty.

13. Notwithstanding any payments made by the undersigned pursuant to the provisions of this Guaranty, the undersigned shall have no right of subrogation in and to the Note or the Mortgage or any other security held by or available to Lender for the Debt or the payment thereof until the Debt has been paid in full to Lender and all preference periods have lapsed.

14. Any notice, request or demand given or made under this Guaranty shall be in writing and shall be hand delivered or sent by Federal Express or other reputable courier service or by postage prepaid registered or certified mail, return receipt requested, and shall be deemed given (i) when received at the following addresses if hand delivered or if sent by Federal Express or other reputable courier service, and (ii) three (3) business days after being postmarked and addressed as follows if sent by registered or certified mail, return receipt requested:

Wednesday, July 19, 2006 3:39pm
KL3:121864.1

|   |   |
|---|---|
| If to Lender: | Emigrant Funding Corporation<br>6 East 43rd Street, 9th Floor<br>New York, New York 10017 |
| Attention: | Richard Wald, President |
| With a copy to: | Cullen and Dykman LLP<br>100 Quentin Roosevelt Boulevard<br>Garden City, New York 11530 |
| Attention: | Kathleen L. Douglas, Esq. |
| If to the undersigned: | Victoria Stennett-Bailey<br>1454 Flatbush Avenue<br>Brooklyn, New York 11210 |

Each party to this Guaranty may designate a change of address by notice given to the other party fifteen (15) days prior to the date such change of address is to become effective.

15. This Guaranty is, and shall be deemed to be, a contract entered into under and pursuant to the laws of the State of New York and shall in all respects be governed, construed, applied and enforced in accordance with the laws of the State of New York. No defense given or allowed by the laws of any other state or country shall be interposed in any action or proceeding hereon unless such defense is also given or allowed by the laws of the State of New York.

16. The undersigned agree to submit to personal jurisdiction in the State of New York in any action or proceeding arising out of this Guaranty and, in furtherance of such agreement, the undersigned hereby agrees and consents that without limiting other methods of obtaining jurisdiction, personal jurisdiction over the undersigned in any such action or proceeding may be obtained within or without the jurisdiction of any court located in New York and that any process or notice of motion or other application to any such court in connection with any such action or proceeding may be served upon the undersigned by registered or certified mail to or by personal service at the last known address of the undersigned, whether such address be within or without the jurisdiction of any such court.

17. No exculpatory provisions contained in the Note or the Mortgage or in any other document or instrument executed and delivered in connection therewith or otherwise with respect to the Loan shall in any event or under any circumstance be deemed or construed to modify, qualify, or affect in any manner whatsoever the personal recourse obligations and liabilities of the undersigned under this Guaranty.

18. The obligations and liabilities of the undersigned under this Guaranty are in addition to the obligations and liabilities of the undersigned under the Other Guaranties (as hereinafter defined). The discharge of the obligations and liabilities of the undersigned under any one or more of the Other Guaranties by the undersigned or by reason of operation of law or otherwise shall in no event or under any circumstance constitute or be deemed to constitute a discharge, in whole or in part, of the obligations and liabilities of the undersigned under this Guaranty. Conversely, the discharge of the

Wednesday, July 19, 2006 3:39pm
KL3:121864.1

obligations and liabilities of the undersigned under this Guaranty by Lender or by reason of operation of law or otherwise shall in no event or under any circumstance constitute or be deemed to constitute a discharge, in whole or in part, of the obligations and liabilities of the undersigned under any of the Other Guaranties. The term "Other Guaranties" as used herein shall mean any other guaranty of payment, guaranty of performance, completion guaranty, indemnification agreement or other guaranty or instrument of personal recourse obligation or undertaking of any nature whatsoever (other than this Guaranty) now or hereafter executed and delivered by the undersigned to Lender in connection with the Loan.

19. This Guaranty may be executed in one or more counterparts by some or all of the parties hereto, each of which counterparts shall be an original and all of which together shall constitute a single agreement of guaranty. The failure of any party listed below to execute this Guaranty, or any counterpart hereof, shall not release any other party from his obligations hereunder.

**IN WITNESS WHEREOF,** the undersigned has duly executed this Guaranty the day and year first above set forth.

_____
Victoria Stennett-Bailey

Wednesday, July 19, 2006 3:39pm
KL3:121864.1

STATE OF NEW YORK  )
                                )   ss.:
COUNTY OF KINGS  )

    On the 20th day of July in the year 2006, before me, the undersigned, personally appeared Victoria Stennett-Bailey, known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that she executed the same in her capacity, and that by her signature on the instrument, the individual, or the person upon behalf of which the individual acted, executed the instrument.

                                                   *Maria D'Alessandro*
                                                   Notary Public

                                                   MARIA D'ALESSANDRO
                                             Notary Public, State of New York
                                                      No. 01DA5000918
                                               Qualified in Kings County
                                          Commission Expires June 23, 2007

Wednesday, July 19, 2006  3:39pm
KL3:121864.1

## EXHIBIT A

Note:     The term "**Note**" as used in this Guaranty shall mean that certain Note in the principal sum of **$950,000.00** of even date herewith, given by Borrower to Lender.

Mortgage:     The term "**Mortgage**" as used in this Guaranty shall mean that Mortgage in the principal sum of **$950,000,00** of even date herewith, given by Borrower to Lender constituting a first lien on the fee estate of Borrower in certain premises located in **Kings** County, known as street number **2408 Clarendon Road, Brooklyn, New York 11226** and **109 Amersfort Place, Brooklyn, New York 11210** as such premises is more particularly described therein, and intended to be duly recorded in the Office of the Register of the City of New York, **Kings** County.

Wednesday, July 19, 2006 3:39pm
KL3:121864.1