```
UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
In re:

VICTORIA STENNETT,                          CASE NO: 23-42675-ESS
                                            CHAPTER 13

                    Debtor.
----------------------------------------------------------X
```

# ORDER MODIFYING AND TERMINATING AUTOMATIC STAY WITH IN REM RELIEF

Upon the motion, dated September 5, 2023 (the "Motion"), of Retained Realty, Inc. ("Applicant"), a secured creditor of the above-named debtor, seeking an Order: to the real properties located at 109 Amersfort Place, Brooklyn, New York (the "Amersfort Property") and 2408 Clarendon Road, Brooklyn, New York (the "Clarendon Property" and collectively with the Amersfort Property, the "Properties"); (B) pursuant to Federal Rule of Bankruptcy Procedure 4001(1)(3) that the fourteen-day stay of the requested order be waived; (C) pursuant to 11 U.S.C. Section 362(d)(4)(B) declaring that any filing under Title 11 of the United States Code which affects the Property within a period of two years, measured from the entry date of an order granting the relief sought herein, shall not operate as a stay against Applicant's right to pursue its interests under the note and mortgage, including, but not limited to, consummating a foreclosure sale of the Property; and (D) for such other and further relief as this Court deems just and proper (the "Motion").

No opposition to the relief requested having been filed; and in consideration of the foregoing, and upon the affidavit of service filed with the Court; and after due deliberation, the relief requested appearing reasonable, proper and warranted in fact and by law, it is hereby

**ORDERED,** that the automatic stay imposed in this case by section 362(a) of the Bankruptcy Code is vacated under section 362(d) of the Bankruptcy Code as to the Creditor's interests in the Properties to allow the Creditor's enforcement of its rights in and remedies in and to, the Properties; and it is further

**ORDERED,** that pursuant to 11 U.S.C. Section 362(d)(4)(B) any subsequent filing of a petition for relief under Title 11 of the U.S. Code that affects the Properties within a period of two years, measured from the entry date of the Instant Order, will not operate as an automatic stay against Applicant's rights to pursue its interest under the Note and Mortgage including, but not limited to, consummating a foreclosure sale of the Properties, and it is further

**ORDERED**, that Retained is hereby relieved of any obligation to cap the deficiency judgment against the Debtor based on the Debtor's breach of the Stipulation dated February 27, 2023; and it is further

**ORDERED,** that the fourteen-day stay of the instant order pursuant to Federal Rule of Bankruptcy Procedure 4001(1)(3) be and hereby is waived, and it is further

**ORDERED,** that the Trustee shall retain any and all interest the Debtor's estate may have in any surplus monies from any sale of the Properties; and it is further

**ORDERED,** that upon the commencement of any proceeding against the Debtor, the Trustee and his counsel shall be served with a copy of any court filing; and it is further

**ORDERED,** that the Trustee be served with a copy of any referee's report of sale within thirty (30) days of the referee's preparation of the report of sale; and it is further

**ORDERED,** that the fourteen-day stay of the instant order pursuant to Federal Rule of Bankruptcy Procedure 4001(1)(3) be and hereby is waived.